IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:25-CV-00779-KDB-DCK

| LAPORSHA KENNEDY, | |
|---|---|
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| NAVY FEDERAL CREDIT UNION , | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Navy Federal Credit Union's ("Navy Federal") Motion to Dismiss (Doc. No. 3), pro se[1] Plaintiff LaPorsha Kennedy's Motion to Remand (Doc. No. 5) and the Memorandum and Recommendation ("M&R") of United States Magistrate Judge David Keesler on the Motion to Remand (to which Plaintiff has objected) (Doc. Nos. 23, 30). The Court has carefully considered these motions, the M&R, the Parties' written arguments[2] and the full record. For the reasons stated in detail in the M&R, this Court has both federal question and diversity jurisdiction over Plaintiff's claims; so, the M&R will be affirmed

---

[1] This Court is required to liberally construe pro se complaints, which are held to a less stringent standard than those drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). However, the more flexible standard afforded pro se Plaintiffs does not mean that the Court can ignore a clear failure in their pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

[2] Plaintiff's Response to the Motion to Dismiss, Doc. No. 15, clearly violates this Court's Standing Order regarding the use of artificial intelligence, 3:24-mc-104. The Response includes numerous citations to cases that do not exist or do not arguably stand for the propositions for which they are cited. *See* Doc. No. 17 at 1-3. Plaintiff's improper use of AI unjustly burdens the Court and the Defendant. While the Court could (and certainly should) strike Plaintiff's Response, the lack of merit in the Response and the resulting dismissal of Plaintiff's Complaint makes striking the Response unnecessary.

1

and the Motion to Remand will be denied. Further, to the extent that the factual basis for Plaintiff's claims is evident in her pleading, the Complaint fails to state a valid claim. Even if the notarization of car loan documents by an employee of a car dealership were unlawful (which it doesn't appear to be under the typical circumstances alleged), there is no private right of action under the North Carolina statute cited by Plaintiff. Also, none of the other claims listed by Plaintiff (with no specific facts alleged in support) can survive a motion to dismiss for the reasons described by Navy Federal. *See* Doc. Nos. 4, 17. Therefore, Navy Federal's Motion to Dismiss will be granted.

## ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. The M&R is AFFIRMED and its findings and conclusions accepted after the Court's de novo review;

2. Plaintiff's Motion to Remand (Doc. No. 5) is **DENIED**;

3. Defendant's Motion to Dismiss is **GRANTED**; and

4. The Clerk is directed to close this matter in accordance with this Order.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: December 29, 2025

Kenneth D. Bell
United States District Judge